ISHEE, J., for the Court:
¶ 1. This appeal arises from a November 12, 2010 order of the Clay County Circuit Court granting BankFirst Financial Services’ (BankFirst) motion for summary judgment. Aggrieved, Eddie Longstreet d/b/a EL and GT Properties LLC and Gary Turner d/b/a EL and GT Properties LLC (the Appellants) assert the trial court erred by (1) granting summary judgment and thereby awarding BankFirst a deficiency judgment, and (2) finding they failed to submit evidence in support of their affirmative defense. We affirm the trial court’s grant of summary judgment.
FACTS AND PROCEDURAL HISTORY
¶ 2. On May 8, 2008, the Appellants executed a promissory note payable to Bank-First to secure a loan of $39,124. As collateral, the Appellants executed a deed of trust in favor of BankFirst for real *795 property (the property) located in Clay County, Mississippi. In addition, they each executed personal guaranties. After the Appellants defaulted on the promissory note, BankFirst foreclosed on the collateral. At the foreclosure sale, BankFirst purchased the property for $27,000. BankFirst incurred $1,069.68 in fees and expenses in connection with the foreclosure. The $1,069.68 was deducted from BankFirst’s purchase price, rendering a total of $26,980.82, which was credited to the Appellants’ remaining loan debt. After crediting their loan account, the total amount left payable on the loan was $20,570.84.
¶ 3. On January 27, 2010, BankFirst filed a complaint in the circuit court requesting a deficiency judgment for the remaining $20,570.84. In the complaint, BankFirst also asked for attorney’s fees related to the foreclosure and interest on the remainder of the loan to be compounded at 8.79% annually. In their answer, the Appellants denied certain allegations within the complaint.
¶ 4. On May 24, 2010, BankFirst filed a motion for summary judgment. The Appellants filed a response to the motion arguing the fees and costs associated with the foreclosure sale, the amount of attorney’s fees, and the interest rate requested were unreasonable. They also filed supporting affidavits claiming Pete Hodo, a BankFirst loan officer, misrepresented significant information about the nature of the foreclosed property.
¶ 5. The Appellants’ claim regarding Hodo concerns the lot adjacent to the property. They allege Hodo told them that only the single lot and the structure on the lot were included in the legal description of the property, and the adjacent lot was not included. Prior to BankFirst’s purchase of the property, the Appellants attempted to sell the property privately. They told a potential buyer the adjacent lot was not included based on Hodo’s alleged misrepresentation to them, and the potential buyer became disinterested in the property. Therefore, the Appellants assert a possible sale was lost due to Hodo’s alleged misrepresentation — a sale which they claim could have prevented BankFirst’s acquisition of a deficiency judgment against them.
¶ 6. After a hearing on the matter, the trial court granted BankFirst’s motion for summary judgment. From that ruling, the Appellants now appeal. They argue the trial court erred by (1) granting summary judgment and thereby awarding BankFirst a deficiency judgment, and (2) finding they failed to submit evidence in support of their affirmative defense.
DISCUSSION
¶ 7. This Court reviews a trial court’s grant or denial of summary judgment de novo. Sutherland v. Estate of Ritter, 959 So.2d 1004, 1007 (¶ 8) (Miss.2007) (citations omitted). Summary judgment is appropriate where “the pleadings, depositions, answers to interrogatories[,] and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). “The movant carries the burden of demonstrating that no genuine issue of material fact exists, and the non-moving party is given the benefit of the doubt as to the existence of a material[-]fact issue.” Sutherland, 959 So.2d at 1007 (¶ 8) (quotation omitted). However, “an adverse party may not rest upon the mere allegations or denials of the pleadings, but instead[,] the response must set forth specific facts showing that there is a genuine issue for trial.” Id. (quotation omitted). A trial court’s decision will only *796 be reversed if triable issues of material fact exist. Id. at 1007-08 (¶ 8).
I. Summary Judgment
¶ 8. In their first argument, the Appellants assert the trial court erred by granting summary judgment. In their response to BankFirst’s motion for summary judgment, the Appellants never actually disputed the deficiency amount. They only argued against the reasonableness of the expenses associated with the foreclosure, the attorney’s fees, and the interest rate to be applied to the judgment. They did argue they should not be required to pay any deficiency amount since Hodo’s alleged misrepresentation to them of the property’s legal description caused a potential buyer to withdraw thereby facilitating BankFirst’s purchase of the property at the foreclosure sale. Their assertion against Hodo was not supported by any evidence other than their own affidavits. We will further address this argument later in the opinion.
¶ 9. Mississippi law clearly establishes that “[ajfter default, a secured party may sell, lease, license, or otherwise dispose of any or all of the collateral in its present condition or following any commercially reasonable preparation or processing.” Miss.Code Ann. § 75-9-610(a) (Rev. 2008). When distributing any proceeds from the disposition, the proceeds will be applied first to “[t]he reasonable expenses of retaking, holding, preparing for disposition, processing, and disposing, and, to the extent provided for by agreement and not prohibited by law, reasonable attorney’s fees and legal expenses incurred by the secured party[.]” Miss.Code. Ann. § 75-9 — 615(a)(1) (Rev. 2008). Accordingly, BankFirst was entitled to receive reasonable expenses and attorney’s fees associated with the foreclosure.
¶ 10. The Appellants argue the amount of expenses and attorney’s fees associated with the foreclosure sale were unreasonable. However, simply stating these fees were unreasonable is insufficient to establish a genuine issue of material fact. They Appellants failed to provide any evidence whatsoever to support their argument. Furthermore, BankFirst provided evidence regarding the reasonableness of the fees in the form of an affidavit of counsel. Having reviewed the record, we find no genuine issue of material fact exists regarding the reasonableness of the expenses and attorney’s fees associated with the foreclosure sale.
¶ 11. The Appellants also dispute the interest rate applied to the deficiency judgment. They argue the interest rate exceeds the prevailing interest rate of 3-5%. However, the parties agreed in the promissory note to “pay interest on the unpaid balance of this note owing after maturity, and until paid in full ... on the same fixed or variable rate basis in effect before maturity.” The rate applied in the promissory note was 8.79%. Mississippi Code Annotated section 75-17-7 (Rev. 2009) states: “All judgments or decrees founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered.” Because the parties had agreed previously to an 8.79% interest rate, that rate was properly applied to the judgment in this case. Accordingly, this argument fails to raise a genuine issue of material fact.
¶ 12. We agree with the trial court that the Appellants failed to raise any genuine issue of material fact. Therefore, Bank-First was entitled to a deficiency judgment as a matter of law. This issue is without merit.
*797 II. Affirmative Defense
¶ 13. In their second argument, the Appellants claim the trial court erred by finding they failed to submit evidence in support of their affirmative defense. In their defense, they argue the alleged misrepresentation by Hodo should excuse them from paying the deficiency amount. The only evidence they presented to support this defense was their own affidavits asserting that Hodo had provided an incorrect description of the property, which misled a potential purchaser and contributed to their financial loss. No specific names, dates, or facts surrounding the alleged misrepresentation were included.
¶ 14. These affidavits standing alone are insufficient to support their defense. The Appellants did not provide the identity of the potential buyer, nor did they present an affidavit from the potential buyer. There is also no evidence regarding the likelihood that the sale would have been completed but for the alleged misrepresentation to the potential buyer. Furthermore, they failed to include the price the property would have sold for in the private sale. It is possible the property would have sold for less than the remaining amount owed on the loan, and thus a deficiency judgment would have still been awarded.
¶ 15. The Appellants have failed to present sufficient evidence to show a genuine issue of material fact exists in this case. Merely asserting that a potential buyer may have bought the property for an undisclosed amount is insufficient. Accordingly, this issue is without merit.
¶ 16. THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.